☜JS 44   (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Barbara Dunlap

**DEFENDANTS**

Sun Federal Credit Union and John Does 1-10 and X,Y,Z Corporations

(b)   County of Residence of First Listed Plaintiff   Montgomery County

County of Residence of First Listed Defendant

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c)   **Attorney's** (Firm Name, Address, Telephone Number and Email Address)

Vicki Piontek, Esquire
951 Allentown Road
Lansdale, PA 19446

Attorneys (If Known)

Philip A. Magen, Esq., Zarwin, Baum, DeVito, Kaplan, Schaer & Toddy, P.C., 1818 Market St., 13th Fl., Phila., PA 19103

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government
  Plaintiff

☒ 3   Federal Question
  (U.S. Government Not a Party)

☐ 2   U.S. Government
  Defendant

☐ 4   Diversity
  (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☒ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1 Original
  Proceeding

☒ 2 Removed from
  State Court

☐ 3 Remanded from
  Appellate Court

☐ 4 Reinstated or
  Reopened

☐ 5 Transferred from
  another district
  (specify)

☐ 6 Multidistrict
  Litigation

☐ 7 Appeal to District
  Judge from
  Magistrate
  Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):   15 U.S.C. 1693

Brief description of cause:   violation of Electronic Funds Transfer Act

## VII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION
  UNDER F.R.C.P. 23

DEMAND $   7,227.50

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☑ Yes   ☐ No

## VIII. RELATED CASE(S)   (See instructions):

JUDGE                                    DOCKET NUMBER

Explanation:

DATE

11/10/2011

SIGNATURE OF ATTORNEY OF RECORD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |
|---|---|
| **BARBARA DUNLAP** | : |
|  | : |
|  | : |
| **Plaintiffs,** | : |
|  | : |
| **v.** | :  CIVIL ACTION NO.: |
|  | : |
| **SUN FEDERAL CREDIT UNION,** | : |
| **and JOHN DOES 1-10 and** | : |
| **X,Y,Z CORPORATIONS** | : |
|  | : |
| **Defendants.** | : |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| November 10, 2011 | Philip A. Magen, Esquire | Sun Federal Credit Union |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
|  |  |  |
| 215-569-2800 | 215-569-1609 | pamagen@zarwin.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Barbara Dunlap, c/o Piontek Law Office, 951 Allentown Rd., Lansdale, PA 19446

Address of Defendant: Sun Federal Credit Union, 1625 Holland Road, Maumee, OH 43537

Place of Accident, Incident or Transaction: 1735 Market Street, Philadelphia, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))       Yes☐   No☒

Does this case involve multidistrict litigation possibilities?       Yes☐   No☐

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place _ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 15 U.S.C. § 1693

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                          Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: November 10, 2011   Philip A. Magen, Esquire   202181
                              Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BARBARA DUNLAP** | : |
| | : |
| | : |
| **Plaintiffs,** | : |
| | : |
| **v.** | : CIVIL ACTION NO.: |
| | : |
| **SUN FEDERAL CREDIT UNION,** | : |
| **and JOHN DOES 1-10 and** | : |
| **X,Y,Z CORPORATIONS** | : |
| | : |
| **Defendants.** | : |
| | : |

## DISCLOSURE STATEMENT

☒   This nongovernmental corporate party, <u>Sun Federal Credit Union</u>, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☐   This nongovernmental corporate party, _____, in the above listed action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock.

_____

_____

_____

_____11\10\11_____

Date

_____

Signature

Counsel for: <u>Sun Federal Credit Union</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BARBARA DUNLAP** | : |
| **c/o Piontek Law Office** | : |
| **951 Allentown Road** | : |
| **Lansdale, PA 19006** | : |
| **(On Behalf of Herself and Those** | : |
| **Similarly Situated)** | : CIVIL ACTION NO.: |
| | : |
| **Plaintiffs,** | : **NOTICE OF REMOVAL** |
| | : |
| **v.** | : |
| | : |
| **SUN FEDERAL CREDIT UNION** | : |
| **1625 Holland Road** | : |
| **Maumee, OH 43537, and** | : |
| **JOHN DOES 1-10 and** | : |
| **X,Y,Z CORPORATIONS** | : |
| | : |
| **Defendants.** | : |
| | : |

## TO THE CHIEF JUDGE AND JUDGES OF THE UNITED STATED DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

The Notice of Removal of Defendant in accordance with 28 U.S.C. §1446, respectfully shows:

1.     Plaintiff, Barbara Dunlap, is alleged in the Complaint to be a citizen of the State of Pennsylvania.  Defendant, Sun Federal Credit Union, is an Ohio Corporation with a principal place of business in Ohio.

2.     On October 22, 2011 Defendant received a Complaint in a civil action brought in the Montgomery County Pennsylvania Court of Common Pleas Case No. 2011-15358 captioned "Barbara Dunlap v. Sun Federal Credit Union and John Does 1-10 and X,Y,Z Corporations."  A copy of the Complaint is attached hereto as Exhibit "A."

1

3.      The attached Complaint filed on October 17, 2011 and accompanying

Notices constitutes all process, pleadings and orders in this action known to Defendant. In

filing this Notice of Removal, Defendant does not waive any defenses arising from any

defects in the service of process, or any other affirmative defenses, in this matter,

including the defenses of lack of jurisdiction and improper venue.

4.      This Notice of Removal is being filed within thirty (30) days of

Defendant's first receipt, through service or otherwise, of the Complaint.

5.      All Defendants join in this Notice of Removal.

6.      This action is removable under 28 U.S.C. §1441(b).  The Complaint

alleges a cause of action arising under a statute of the United States, specifically, 15

U.S.C. §1693 et seq.  Accordingly, this is a civil action over which the United States

District Courts have original jurisdiction under 28 U.S.C. §1331 and, therefore, may be

removed to this Court under 28 U.S.C §1441(b).

WHEREFORE, Defendant prays that this cause proceed in its entirety in this

Court as an action properly removed thereto.

> **ZARWIN, BAUM, DeVITO, KAPLAN**
> **SCHAER & TODDY, P.C.**
>
> By:_____
>      PHILIP A. MAGEN
>      1818 Market Street, 13th Floor
>      Philadelphia, PA  19103
>      215.569.2800
>      Fax  215.569.1606
>      Attorneys for Defendant
>      pamagen@zarwin.com

Dated: November 10, 2011

2

# EXHIBIT "A"



IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Barbara Dunlap                                  :
c/o Piontek Law Office                          :
951 Allentown Road                              :
Lansdale, PA 19446                              :
(On Behalf of Herself and Those                 :           2011-15358
Similarly Situated)                             :
                        Plaintiff               :
Vs.                                             :
Sun Federal Credit Union                        :
1625 Holland Road                               :
Maumee, OH 43537                                :
and                                             :
John Does 1-10                                  :           Jury Trial Demanded
and                                             :
X,Y,Z Corporations                              :
                        Defendant(s)            :

## NOTICE

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS
SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20)
DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN
APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT
YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE
WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A
JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE
FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE
DEFENDANT. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO
YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT
HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET
FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCIATION
100 West Airy Street (REAR) - NORRISTOWN, PA 19401
(610) 279-9660, EXTENSION 201

MAIL RECEIVED
PROTHONOTARY
MONTGOMERY COUNTY

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

2011 OCT 19  A 11: 06

|  |  |  |
|---|---|---|
| Barbara Dunlap | : |  |
| c/o Piontek Law Office | : |  |
| 951 Allentown Road | : |  |
| Lansdale, PA  19446 | : |  |
| (On Behalf of Herself and Those | : |  |
| Similarly Situated) | : |  |
| Plaintiff | : | 2011-15358 |
| Vs. | : |  |
| Sun Federal Credit Union | : |  |
| 1625 Holland Road | : |  |
| Maumee, OH  43537 | : |  |
| and | : |  |
| John Does 1-10 | : | Jury Trial Demanded |
| and | : |  |
| X,Y,Z Corporations | : |  |
| Defendant(s) | : |  |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

1. Plaintiff, Barbara Dunlap, brings this action against the above referenced Defendant(s), for alleged violation of the Electronic Funds Transfer Act, 15 USC 1693 et. seq. (EFTA).

### JURISDICTION AND VENUE

2. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

3. Venue is proper in this District because Defendant(s) does business in this jurisdiction.



2011-15358-0002
10-19-2011 12:34:04 PM
Amended Complaint
Receipt # Z1348013          Fee     $0.00
Mark Levy - Montgomery County Prothonotary



4. Venue is proper in this jurisdiction because a substantial portion of the transaction or occurrence took place in this jurisdiction.

5. Venue is proper in this jurisdiction because certain key witness(es) to the transaction or occurrence are situated or reside at or near this jurisdiction.

## PARTIES

6. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

7. Plaintiff is Barbara Dunlap, an adult individual, citizen of the United States, and resident of Pennsylvania, with a current residence in Montgomery County, Pennsylvania.

8. Defendant(s) are the following entities with the following principle business addresses .

   a. Sun Federal Credit Union, with a principle place of business located at 1625 Holland Road, Maumee, OH 43537, owned and operated by the above captioned Defendant, RBS Citizens N.A.

   b. John Does 1-10 whose identities are not known at this time, but whose identities will be obtained in discovery. Such Does may include persons or business entities. It is believed that said Does had a substantial involvement in the transaction or occurrences that are the subject of this complaint. Such Does benefited from the acts complained of and had a substantial role is causing the acts complained of.

   c. X,Y, Z Corporations whose identities are not known at this time, but whose identities will be obtained in discovery. Such entities may include corporations or other business entities. It is believed that said entities had a substantial involvement in the transaction or occurrences that are the subject of this complaint. Such entities benefited from the acts complained of and had a substantial role is causing the acts complained of.

## FACTS

9. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

10. Defendant(s) operate(s) an automated teller machine (ATM) at described in the attached exhibits.

11. Within the applicable statute of limitations prior to the commencement of this action, Plaintiff used the above described ATM.  See exhbits.

12. Plaintiff is not a regular customer of Defendant.

13. There was no external fee notice at or near the ATM that a fee would or may be charged. See attached exhibits.  See exhibits.

14. Defendant's machine charged plaintiff a fee to use the machine described in the attached exhibits.

**COUNT ONE: Violation of the Electronic Funds Transfer Act, 15 U.S.C. §1693b(d) ("EFTA"), and implementing Federal Reserve Regulation E. 12 C.F.R. § 205.15.**

15. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

16. Congress enacted the EFTA to protect individual consumer rights by "providing a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). In order to be covered by the EFTA, electronic fund transfers must (1) involve a transfer of funds, (2) that is initiated by electronic means, and (3) debits or credits a consumer account. Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1328 (7th Cir. 1997).

17. The Electronic Funds Transfer Act, 15 U.S.C. §1693b(d) ("EFTA"), and implementing Federal Reserve Regulation E. 12 C.F.R. § 205.15. require an ATM operator  such as defendant to provide notice to consumers that the operator will or may impose a fee on consumers for conducting a transaction at an ATM. One notice must be posted on or near the ATM. This notice is in addition to any that appear on the A TM screen.

18. EFTA requires ATM operators to provide notice of any fees charged to consumers. An ATM operator that imposes a fee on the consumer must, at the time the service is provided, tell the consumer that a fee is imposed and the amount of the fee. 15 U.S.C. § 1693b(3)(A). EFTA also requires ATM operators to provide the fee notice on both the machine and the ATM screen 15 U.S.C. § 1693b(3)(B).

19. The EFTA, 15 U.S.C. §1693b(d)(3)(c), and Regulation E, 12 C.F.R. §205.16(e), prohibit the imposition of a fee for using an ATM if the notice requirements are not met.

20. Defendant(s) violated the EFTA by failing to adequately disclose the transaction fee as required by law.

## CLASS ALLEGATIONS

21. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

22. Plaintiff brings suit on behalf of a class, pursuant to Pennsylvania Rules of Civil Procedure 1701, or Federal Rule of Civil Procedure 23, in the event that Defendant(s) remove(s) this action to Federal Court.

23. The class consists of the following.

   (a) all persons who on or after a date one year prior to the filing of this action, and on or before a date 20 days after filing of this action used the ATM described in this complaint;

   (b) were charged a fee for use of Defendant(s) ATM at the same ATM machine at the above described location; and

   (c) were not provided the proper fee notice as required by law

24. The number of class members is so numerous that joinder is impracticable.

25. On information and belief, there are more than 50 persons who on or after a date one year prior to the filing of this action, and on or before a date 20 days after filing of this action were charged a fee for use of Defendant(s) ATM at the same ATM machine at the above described location.

26. There are questions of law and fact common to the class which predominate over any questions affecting only individual class members. The common questions include but are not limited to the following.

   a. Whether Defendant(s) ATM was posted with a proper external fee notice.

   b. Whether Defendant violated the EFTA by failing to provide a proper external fee notice.

27. Plaintiff's claims are typical of the claims of the class members. All are based on the same facts and legal theories.

28. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in class action and consumer credit litigation.

29. A class action is superior to other available methods for the full and efficient adjudication of the controversy. Individual actions are not economically feasible.

30. Plaintiff reserves the right to re-define the class as the case is prosecuted.

31. Not withstanding class treatment of Plaintiff's claim, Plaintiff reserves the right to litigate or to settle this claim on an individual basis, rather than on a class basis.

## DAMAGES

32. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

33. Plaintiff requests statutory damages under EFTA, and requests an amount of no less than $1,000.00.

34. Plaintiff requests $2.50 actual damages.

35. Plaintiff requests actual damages for members of the class, if applicable.

36. Plaintiff requests statutory damages for members of the class, if applicable.

11-08-11;03:34PM;SUN FEDERAL CU                              ;4198934809              #  8/ 14

## ATTORNEY FEES

37. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

38. Plaintiff is entitled to reasonable attorney fees of $1,225.00 at a rate of $350.00 per hour for services including but not limited to the following.

| | |
|---|---|
| a. Client consultation and review of file | .5 hour |
| b. Drafting, editing, review, filing and service of complaint, and related documents, document processing and filing | 1 |
| c. Follow up with Defense | 2 |

---

$3.5 hours x $350 = $1,225

39. Plaintiff's attorney fees continue to accrue as the case is prosecuted.

40. The above described attorney fees include fees as of the date of the filing of this action and reasonable follow up.

## JURY TRIAL

41. The previous paragraphs of this complaint are incorporated by reference and
    made a part of this complaint.

42. Plaintiff requests and / or demands a jury trial in this matter.

## OTHER RELIEF

43. The previous paragraphs of this complaint are incorporated by reference and
    made a part of this complaint.

44. Plaintiff believes and avers that she is entitled to a reasonable plaintiff incentive
    fee in the amount of no less than $5,000.00 for her effort involved in enforcing
    EFTA and prosecuting this suit for the benefit of consumers and the greater good
    of the community.

45. Plaintiff requests such other relief as this Honorable Court deems just and proper.


WHEREFORE, the Court should enter judgment in favor of Plaintiff in the amount of
$5,227.50 for statutory damages, attorneys' fees, plus litigation expenses and costs of suit,
plaintiff incentive fee and such other relief as this Court deems proper and just.  Upon
certification of the class, Plaintiff request that the Court enter judgment for such amount
as is proven and the Court deems fair and just.



Vicki Piontek    10-17-2011
_____   _____
Vicki Piontek, Esquire       Date
951 Allentown Road
Lansdale, PA  19446
877-737-8617
palaw@justice.com
Fax: 866-408-6735
palaw@justice.com

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

| | |
|---|---|
| Barbara Dunlap<br>c/o Piontek Law Office<br>951 Allentown Road<br>Lansdale, PA  19446<br>(On Behalf of Herself and Those<br>Similarly Situated)<br>                              Plaintiff<br>Vs.<br>Sun Federal Credit Union<br>1625 Holland Road<br>Maumee, OH  43537<br>and<br>John Does 1-10<br>and<br>X,Y,Z Corporations<br>                         Defendant(s) | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:              Jury Trial Demanded<br>:<br>:<br>: |

**VERIFICATION**

I, Barbara Dunlap, have read the attached complaint.  The facts stated therein are true and accurate to the best of my knowledge, understanding the belief.


Barbara Dunlap                    10/17/2011
                                   Date

# EXHIBITS



```
05/17/11  12:53   PA000213

***********7011-1

1735 MARKET ST.
PHILADELPHIA, PA
RECORD NO.              5613
WITHDRAWAL        $    20.00
TERMINAL FEE            2.50
TRANS TOTAL       $    22.50


AVAIL BAL         $   556.16
```



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BARBARA DUNLAP** | : |
| | : CIVIL ACTION NO.: |
| | : |
| **Plaintiffs,** | : **CERTIFICATE OF SERVICE** |
| | : |
| **v.** | : |
| | : |
| **SUN FEDERAL CREDIT UNION,** | : |
| **and JOHN DOES 1-10 and** | : |
| **X,Y,Z CORPORATIONS** | : |
| | : |
| **Defendants.** | : |
| | : |

    I, Philip Magen, hereby certify that on November _10_, 2011, I caused a true and correct copy of the foregoing Notice of Removal to be served via the Court's electronic filing system and via U.S. Mail upon the following:

> Vicki Piontek, Esquire
> 951 Allentown Road
> Lansdale, PA 19446

Philip A. Magen